AE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CLEMMIE CARTHANS,                          )
                                           )
            Plaintiffs,                    )
                                           )
      v.                                   )      No. 04 C 4528
                                           )
OFFICER JENKINS, OFFICER COCHRAN,          )
and THE UNIVERSITY OF CHICAGO, a           )
municipal corporation,                     )
                                           )
            Defendants.                    )

## MEMORANDUM OPINION AND ORDER

As of January 2004, plaintiff Clemmie Carthans was a
32-year-old University of Chicago graduate student in the School
of Social Service Administration.   Carthans is an African-
American male.   At 3:00 a.m. on Saturday January 24, 2004,
Carthans was on the University of Chicago campus on his way to
visit Valerie Curro, who was a freshman living in a dormitory on
campus.   At the time, Curro was plaintiff's girlfriend.   Curro is
Caucasian.   Defendant Donald Jenkins, a University of Chicago
police officer, saw Carthans and questioned him.   There are
factual disputes regarding that encounter and the conversation
that took place.   Carthans then went on and was met by Curro
outside her dormitory.   Jenkins again questioned Carthans and

also called for backup. Defendant Anthony Cochran arrived on the scene. There are factual disputes regarding the conversations and actions that occurred outside the dormitory. Plaintiff contends that, initially, Jenkins used excessive force in placing handcuffs on him and also assaulted him by pointing a handgun. Plaintiff further contends that, upon his arrival, Cochran slammed plaintiff to the ground and thereafter pushed him into a garbage can and police car, as well as slamming plaintiff's head against the car. Plaintiff alleges he suffered abrasions and bruises, and still suffers from a herniated disc. Defendants' version of the events is that they simply questioned plaintiff, whom they claim was suspiciously walking on campus in the early morning. When Jenkins asked plaintiff for identification, plaintiff would not provide any. Defendants contend that they handcuffed plaintiff without using unnecessary force and released plaintiff after finding his student identification. Defendants deny slamming plaintiff against the ground or a car and contend that they slipped against a garbage can when plaintiff resisted being handcuffed.

Plaintiff brings two claims. The first claim is a constitutional claim pursuant to 42 U.S.C. § 1983.[1] Plaintiff

---

[1]The parties agree that the University of Chicago police force is established in a manner that results in defendants' alleged action in this case being state action for purposes of § 1983. See Payton v. Rush-Presbyterian-St. Luke's Medical Center, 184 F.3d 623, 628-30 (7th Cir. 1999); Scott v. Northwestern University School of Law, 1999 WL 134059 *3-6 N.D. Ill. March 8, 1999).

claims that Jenkins and Carthans used excessive force. There is

no constitutional claim for race discrimination, but plaintiff

does contend that his treatment was, at least in part, motivated

by racial profiling and the fact that he and Curro are of

different races. Plaintiff's second claim is a state law claim

for assault and battery. That claim is against Jenkins and

Cochran and also against defendant University of Chicago based on

respondeat superior liability for the acts of its employees. The

parties have submitted their final pretrial order. Presently

pending are the parties' motions in limine. The parties were

provided an opportunity to respond to the motions in limine.

Defendants move to exclude testimony of 26 witnesses

named by plaintiff in the pretrial order, but who were not

witnesses to the January 24 incident. These witnesses are mostly

University of Chicago employees or students. Defendants contend

these witnesses would only be able to offer hearsay testimony

regarding statements that plaintiff made to them about the

incident. Perhaps some could offer admissible testimony relevant

to the issue of damages suffered by plaintiff. Plaintiff,

though, did not respond to the motion. Therefore, plaintiff does

not point to any potentially admissible testimony by these

witnesses. This motion will be granted.

also moves to exclude references to racial profiling.

Plaintiff's complaint does not allege racial discrimination, but

plaintiff makes clear that he intends to show that defendants

were motivated, at least in part, by plaintiff's race and the

fact that Curro is a different race. Even absent a claim of race
discrimination, such evidence might be intended to support
punitive damages for the claimed excessive force. Again,
however, plaintiff has failed to respond to defendants' motion in
limine. Since plaintiff does not point to a basis for admitting
the evidence, this motion will be granted.

Plaintiff moves to bar defendants' law enforcement
expert. Defendants intend to present Rudolph Nimocks, the
Executive Director of the University of Chicago Police
Department, as an expert. Defendants will have him opine as to
the appropriate amount of force to use in the situation that is
at issue. He will also opine that the University provided
adequate training for its police force. Whether the defendant
officers were adequately trained, however, is not at issue.
Plaintiff does not contend that inadequate training was a cause
of his injuries and will not present any evidence that the
officers were inadequately trained. Since not at issue, this
opinion is irrelevant.

As to opinions about the appropriate amount of force to
use, it is true that such evidence can be relevant in particular
cases. See, e.g., Kladis v. Brezek, 823 F.2d 1014, 1019 (7th
Cir. 1987). This, however, is not such a case. Plaintiff
contends he was slammed against a car, a garbage can, and the
ground. Defendants will testify that they simply handcuffed him
and that there was an accidental slip. This is not a case in
which the propriety of force is at issue. It is a case in which

the parties have two different accounts of what happened.  The

issue for the factfinder will be which party to believe.

Defendants' expert will not testify that slamming a nonresisting

arrestee into a car, garbage can, or the ground is a proper

exercise of force.  Plaintiff does not contend that a simple

handcuffing and accidental trip constitute excessive force.

Nimocks's testimony is not relevant to the issues in the case.

Plaintiff's first motion in limine will be granted.

Plaintiff's second motion in limine is to bar defendants'

use of a November 17, 2004 email that plaintiff sent to Curro two

days before she gave her deposition in this case.  That email

reads:

> Hi Val.  I just wanted to say hi and I'm sorry
> for just putting you on the phone the other day.
> I just don't want you to think that my calls
> aren't sincere when I call.  I have to be honest,
> this coldness towards me is not you.  I can tell
> that you are struggling with it; you couldn't
> even look me in the eyes the other nite when we
> talked.  Look at me, now I'm playing
> psychologist.  Anywho, I'm not the smartest
> person on the planet, but you don't need a rocket
> scientist to figure out that you're uncomfortable
> with your new tough role.  I just hope that one
> day you will find it in your heart to forgive me.
> I don't care if it takes 40 years.  I just can't
> imagine not having you in my life in some way.  I
> miss you soooooooooo much, and I think about you
> everyday.  I think of your smile and how good you
> look when you smile.  Sometimes it seemed as if
> that smile was made for me.  Sometimes I find
> myself laughing thinking about something funny
> that you would say or do.  These last few months
> without you have been extremely difficult.  I
> wish that you could smush me right now; that
> always seemed to make everything better.  anyway.
> I'm not going to make things anymore difficult

than they already are, I just wanted to say hi
and I hope that you are feeling alright.

Defendants contend this email was an effort to sway and
influence Curro's testimony.  Defendants intend to introduce it
both during plaintiff's cross-examination and Curro's direct
testimony, contending it is relevant to the credibility of both.
Defendants cite no case law supporting that this evidence would
be admissible for such a purpose.

Plaintiff first objects that the email should not be
allowed in because a copy was not provided to plaintiff until the
pretrial order was being prepared.  The source of the email,
however, was plaintiff himself.  Even if he did not retain a copy
on his computer, he was aware of its contents.  Also, questions
about the email were raised at both plaintiff's and Curro's
deposition.  Plaintiff cannot claim surprise.

Plaintiff also contends that the email is not relevant to
any issue in the case.  Contrary to defendants' contention, the
email is not an obvious attempt to influence Curro's testimony.
Also, there is no contention that Curro's testimony has been
affected by the email.  Since the email has not actually
influenced Curro's testimony, the email is not admissible
regarding Curro's credibility.

As to plaintiff's credibility, attempts to influence
witnesses may be admissible in a criminal case to show

consciousness of guilt. See United States v. Balzano, 916 F.2d

1273, 1281 (7th Cir. 1990); United States v. Garrison, 168 F.3d

1089, 1093 (8th Cir. 1999). If the email may properly be

characterized as an improper attempt to influence Curro's

testimony, it might be admissible to show plaintiff's

consciousness of the fact that the honest testimony of an

eyewitness would be inconsistent with plaintiff's version of

events. As such it would go to plaintiff's credibility.

However, the email will not be admitted for that purpose because

it is not found that the email constitutes an improper attempt to

influence Curro's testimony.

The email, however, apparently will be admissible on

another basis. Defendants represent that, based on her

deposition testimony, Curro's testimony will not support

plaintiff's version of events. Defendants further represent

that, at his deposition, plaintiff testified that Curro is lying

about the events because she is a vindictive, spurned lover. The

email, however, supports that, at least as of November 2004,

plaintiff was the spurned lover, not Curro. To the extent

plaintiff attempts to raise questions as to Curro's credibility

by presenting evidence that he had spurned her, the email would

be admissible to show the contrary. If presented by defendants,

it would be admissible as an admission of a party-opponent.

Defendants may present the email for that purpose. However, it

will only be admissible if plaintiff first presents evidence supporting that Curro was a spurned lover. If plaintiff does not attempt to make such a showing, there is no basis for admitting the email into evidence. Therefore, defendants shall not mention the email during opening statements unless plaintiff, in his opening statement, states something to the effect that the evidence will show that Curro was a spurned lover. The email shall not be presented at trial unless plaintiff first presents evidence that Curro was a spurned lover.

A status hearing will be held on October 26, 2005 at 11:00 a.m. Prior to status hearing, it may be advisable to again attempt to settle this case before incurring the expense of a trial. Plaintiff should again submit a settlement demand to defendants.

IT IS THEREFORE ORDERED that defendants' motions in limine to exclude references to racial profiling [33] and to exclude hearsay testimony by persons who were not witnesses to the events of January 24, 2004 [34] are granted. Plaintiff's first motion in limine to bar defendants' law enforcement expert is granted. Plaintiff's second motion in limine to bar defendants' email exhibit is granted in part and denied in part. The November 17, 2004 email may not be admitted into evidence unless plaintiff first presents evidence that would make the

email relevant to an issue in the case.  A status hearing is set

for October 26, 2005 at 11:00 a.m.

ENTER:

_William T Hart_
UNITED STATES DISTRICT JUDGE

DATED:  OCTOBER  6 , 2005